UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ANTHONY CHANGAR,

                Petitioner,

                **OPINION & ORDER**
                **CV-10-3123**

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------- X
FEUERSTEIN, J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 05 2013   ★

LONG ISLAND OFFICE

On July 7, 2010, *pro se* petitioner Anthony Changar ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his sentence, upon his plea of guilty to one (1) count of conspiracy to possess with intent to distribute at lease five hundred (500) grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846, to a term of imprisonment of one year and one (1) day (four (4) months incarceration and eight (8) months house arrest) to be followed by a period of supervised release for five (5) years. For the reasons set forth below, the petition is denied.

I.      Background

On April 19, 2005, a grand jury handed up a four (4)-count indictment charging petitioner and a co-defendant with one (1) count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846 (Count One); one (1) count of conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(B)(ii) and 963 (Count Two); one (1) count of importation of cocaine in violation of 21 U.S.C. §§ 952(a),

1

960(a)(1) and 960(b)(2)(B)(ii) (Count Three); and distribution of and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II) (Count Four). Although petitioner initially pled not guilty to all charges in the indictment during his arraignment on April 19, 2005, he changed his plea to guilty on Count One of the indictment on May 4, 2006. The plea agreement signed by petitioner sets forth, in relevant part, the minimum and maximum statutory penalties for Count One of the indictment,[1] including "Other penalties: deportation/removal." (Plea Agreement, ¶ 1(g)). In addition, pursuant to the plea agreement, petitioner "agree[d] not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 121 months or below." (Plea Agreement, ¶ 4).

On March 29, 2007, petitioner was sentenced on Count One of the indictment to a term of imprisonment of one (1) year and one (1) day, comprised of four (4) months incarceration and eight (8) months of house arrest, to be followed by a period of supervised release of five (5) years, and the remaining counts in the indictment were dismissed on the government's motion. Judgment was entered on April 27, 2007. Petitioner did not file a notice of appeal of the judgment.

On November 7, 2007, petitioner completed his four (4) months of incarceration, following which he was detained by the United States Immigration Customs Enforcement ("ICE") from November 19, 2007 until September 25, 2008. According to petitioner, he "would have been deported" but for the request of the lead arresting officer, Manuel Decastro

---

[1] The statutory minimum and maximum terms of imprisonment on Count One is five (5) years and forty (40) years, respectively, and the statutory minimum and maximum periods of supervised release on Count One is four (4) years and life, respectively.

("Decastro"), "for a case deferral." ("Affidavit of [Petitioner] in Support of Motion to Vacate Conviction * * *" ["Pet. Aff."], at ¶ 7). On or about December 7, 2007, petitioner was notified that removal proceedings were commenced against him under Section 240 of the Immigration and Nationality Act ("INA") and that he was "subject to being taken into custody and deported or removed from the United States" pursuant to Section 237(a)(2)(A)(iii) of the INA based upon his conviction "of an aggravated felony as defined in section 101(a)(43)(U) of the [INA], a law relating to a conspiracy to commit illicit trafficking in a controlled substance, as defined in Section 101(a)(43)(B) of the [INA]."

As a result of the ICE detention, petitioner's supervised release did not commence until September 25, 2008. On October 20, 2008, upon petitioner's consent and waiver of a hearing, the Court issued an order modifying the conditions of petitioner's supervised release to include a period of home confinement with electronic monitoring of eight (8) months as a special condition of his supervised release term.

On July 10, 2010, petitioner filed the instant petition pursuant to 28 U.S.C. § 2255 seeking to vacate or reduce his sentence on the ground that his guilty plea was obtained in violation of his Sixth Amendment right to the effective assistance of counsel and his due process rights under the Fourteenth Amendment to the United States Constitution. Specifically, plaintiff alleges that his guilty plea was not knowingly and voluntarily made because his trial counsel failed to properly advise him of the immigration consequences that could result therefrom.

## II. Discussion

### A. Legal Standard

A prisoner in custody under sentence of a federal court may move pursuant to 28 U.S.C. § 2255 to "vacate, set aside or correct" a sentence, *inter alia*, "imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a).

### B. Timeliness of Petition

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) (quoting Section 2255, ¶ 6(1)). "[F]or purposes of Section 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure provides, in relevant part, that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after * * * the entry of either the judgment or the order being appealed." Since petitioner's judgment of conviction was entered on April 27, 2007 and he never filed a notice of appeal, his judgment of conviction became final on May 12, 2007, one (1) day after his time to appeal expired. Thus, petitioner had until May 12, 2008 to file a Section 2255 petition under paragraph six (6), section (1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in effect at the time of petitioner's judgment of conviction. Since petitioner did not file his petition until July 7, 2010, the petition is untimely under that provision of the AEDPA.

4

As is also relevant here, AEDPA's one (1)-year limitations period also runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255, ¶ 6(4). Thus, assuming *arguendo* that petitioner did not know of the immigration consequences of his plea of guilty at the time his judgment of conviction became final, it is clear from the documents submitted by petitioner with his petition that he knew that he was subject to removal or deportation, and thus was aware of the facts supporting the claim or claims presented in his Section 2255 petition, when he was detained by ICE on November 19, 2007 or, at the latest, when he was notified that removal proceedings had been commenced and that he was subject to removal or deportation on December 7, 2007. Thus, at the latest, AEDPA's one (1)-year limitations period expired on December 8, 2008. Since petitioner did not file his petition until July 7, 2010, the petition is untimely under paragraph six (6), section four (4) of the AEDPA as well.[2]

"[T]he one year deadline the AEDPA imposed on the filing of section 2255 petitions * * * established a statute of limitations and is not a jurisdictional bar." Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001). "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a * * * habeas petition," Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006); see also Wood v. Milyard, 132 S. Ct. 1826, 1830, 182 L. Ed. 2d 733 (2012), provided the parties are given "fair notice and an opportunity to present their

---

[2] The remaining two (2) provisions of AEDPA's statute of limitations are clearly inapplicable to petitioner's case. Petitioner does not allege, and the record does not support any claim, that the government impeded his ability to timely file a petition, see 28 U.S.C. § 2255, ¶ 6(2); and in Chaidez v. United States, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013), the Supreme Court held that its holding in Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), did not apply retroactively and, thus, 28 U.S.C. § 2255, ¶ 6(3) is inapplicable as well.

positions," Day, 547 U.S. at 210, 126 S. Ct. 1675, and the government has not deliberately waived the statute of limitations defense. See Wood, 132 S. Ct. at 1830. A district court must "determine whether interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." Day, 547 U.S. 210, 126 S. Ct. 1675 (quotations and citation omitted). Although the one (1)-year limitations period expired well before petitioner filed his Section 2255 petition, given the length of time this petition has been pending, and the fact that the government did not raise a statute of limitations defense and, thus, the Court must give the parties fair notice and an opportunity to present their positions prior to *sua sponte* dismissing the petition as time barred, the interests of justice will be better served by addressing the merits of the petition.

C. Merits of Claim

Petitioner's claim is without merit. "Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea * * * to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both: (1) that counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms;" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Padilla, 559 U.S. 356, 130 S.Ct. 1473. A "reasonable probability" is a probability "sufficient to

6

undermine confidence in the outcome." Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1422, 173 L.Ed.2d 251 (2009) (quoting Strickland, 466 U.S. at 694, 104 S. Ct. 2052).

Even assuming, *arguendo*, that trial counsel did not merely fail to inform petitioner of the potential immigration consequences of his plea, but actually misinformed petitioner about those consequences, such that, under the law as it existed at the time of petitioner's plea, trial counsel's performance can be deemed unreasonable, see United States v. Couto, 311 F.3d 179 (2d Cir. 2002), abrogated by Padilla, 559 U.S. 356, 130 S. Ct. 473, petitioner has not satisfied the prejudice prong of Strickland. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); see also Arteca, 411 F.3d at 320 ("To satisfy the second prong of Strickland in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial.")

Petitioner was clearly aware that there may be potential immigration consequences associated with pleading guilty to Count One, insofar as the language in the Plea Agreement itself, which was signed by petitioner, indicates that deportation or removal were additional penalties to which petitioner would be subject for any conviction of conspiracy to possess with intent to distribute at lease five hundred (500) grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846, and petitioner admits that he had "a number of conversations" with his trial counsel about the potential immigration consequences of pleading guilty, (Pet. Aff., at ¶ 3), and that he was informed by the Court during the plea allocution that

7

there may be potential immigration consequences by his plea of guilty to Count One. (See Pet. Aff., at ¶ 4). Thus, any misinformation about the potential immigration consequences associated with pleading guilty to Count One by trial counsel concerns only the likelihood that the risk of immigration consequences would actually befall plaintiff. The record does not support a conclusion that had trial counsel not minimized the risk of the potential immigration consequences actually happening to petitioner, it is reasonably probable that petitioner would have proceeded to trial rather than plead guilty. See, e.g. Arteca, 411 F.3d at 321 (affirming dismissal of an ineffective assistance of counsel claim where the record did not support a conclusion that had the defendant known the correct Guidelines sentencing range earlier, it was reasonably probable that he would have proceeded to trial rather than plead guilty). Petitioner pled guilty to Count One even though he knew there was a risk, however slight, of potential immigration consequences resulting from such a conviction. Petitioner would have been subject to the same immigration consequences, but a greater term of incarceration since the statutory mandatory minimum term of incarceration for a conviction of conspiracy to possess with intent to distribute at lease five hundred (500) grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and 846 is five (5) years, if he had proceeded to trial and lost. Furthermore, in pleading guilty to Count One, petitioner avoided a potential sentence being imposed at the statutory maximum of forty (40) years or even at the lower maximum of the advisory Guidelines range, calculated to be sixty-three (63) to seventy-eight (78) months since petitioner pled guilty after April 19, 2006, and, thus, he achieved a significant benefit by pleading guilty which he would have lost had he gone to trial. See, e.g. Boakye v. United States, No. 09 Civ. 8217, 2010 WL 1645055, at * 6 (S.D.N.Y. Apr. 22, 2010). Moreover, "in the absence of a plea agreement,

8

the government would presumably have been free to prosecute [petitioner] on [the other three (3)] open counts against him, possibly resulting in a sentence exceeding even the statutory maximum for the offense to which [petitioner] pled guilty." Arteca, 411 F.3d at 321-22. In addition, nothing in the plea agreement or the record itself, beyond petitioner's mere speculation, indicates that petitioner would have been able to negotiate a better plea deal or an S-visa had he not agreed to the Plea Agreement; petitioner's co-defendant also pled guilty to Count One of the indictment; and petitioner "has not provided any persuasive reason for doubting the strength of the government's case against him." Arteca, 411 F.3d at 321. Based upon the record as a whole, petitioner's self-serving and conclusory statement that he "never would have agreed to this disposition and pled guilty to * * * [Count One] if [he] had known that it would affect [his] immigration status" and that he would "have gone to trial" had he been unable to negotiate a better plea deal, (Pet. Aff., ¶ 5), "is insufficient in itself to show prejudice * * *." Id. at 322; see also United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998) (holding that the requirement that a petitioner proffer some "objective evidence" to support his "self-serving, post-conviction testimony regarding his intent with respect to a plea offer" was consistent with Second Circuit precedent); Boakye, 2010 WL 1645055, at * 6 ("The conclusory claim in Petitioner's brief that he would have gone to trial but for counsel's alleged ineffectiveness, standing alone, does not establish prejudice under Strickland.") Since petitioner has not established that he was prejudiced by any inaccurate information his trial counsel provided regarding the likelihood of the potential immigration consequences befalling him, his ineffective assistance of trial counsel claim is denied.

III. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied in its entirety and the proceeding is dismissed. As petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008). Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* petitioner at his last known address. Fed. R. Civ. P. 5(b)(2)(C), and to close this case.

SO ORDERED.

                                      s/ Sandra J. Feuerstein

                                      SANDRA J. FEUERSTEIN
                                      United States District Judge

Dated: June 5, 2013
       Central Islip, New York